Miles S. FIRNHABER, Plaintiff,

v.

LAKE PEWAUKEE SANITARY
DISTRICT et al., Defendants.

No. 76–C–99.

United States District Court,
E. D. Wisconsin.

Feb. 19, 1976.

Miles S. Firnhaber, pro se.
Robert Audley, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, who proceeds pro se, has filed a motion for an ex parte temporary restraining order pursuant to Rule 65, Federal Rules of Civil Procedure. I conclude that such motion should be denied and that the action should be dismissed on the court's own motion, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

The complaint, which was filed on February 13, 1976, seeks declaratory injunctive relief against the defendants' actions in connection with the construction of a sanitary sewer across the plaintiff's property. The plaintiff avers that the defendants have begun construction of the sewer without having complied with the requirements of the Environmental Policy Act of 1969, 42 U.S.C. § 4331 et seq.

The plaintiff has specified that the particular failure of the defendants concerns a lack of compliance with 42 U.S.C. § 4332(2)(C). This provision requires submission of an environmental impact statement in certain circumstances and states in part as follows:

"[A]ll agencies of the Federal Government shall—

"  .   .   .

"(C) include in every recommendation or report on proposals for legis-

lation and other major <u>Federal</u> actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on—

"(1) the environmental impact of the proposed action. . . ." (Emphasis added)

■ As the underscored portions of the above quotation indicate, the obligation under § 4332(2)(C) to file an environmental impact statement is imposed only upon *federal* officials where there is federal action taken. The defendants are identified in the complaint as a Wisconsin "municipal corporation or subdivision of same" and as the chairmen of the townships of Delafield and Pewaukee. Nowhere has the plaintiff alleged the involvement of any federal agency or official.

■ I therefore conclude that the Environmental Policy Act of 1969 imposes no duty on the defendants with regard to the submission of an environmental impact statement. The plaintiff has not only failed to demonstrate a probability of success on the merits of his claim, but the complaint also affirmatively demonstrates that no claim for relief pursuant to 42 U.S.C. § 4331 *et seq.* has been stated.

■ The plaintiff has very generally alleged that this action is based upon 42 U.S.C. §§ 1983 and 1984 and the Constitution of the United States. A liberal reading of the complaint reveals no basis for a claim under the civil rights statutes. The plaintiff also makes reference to 5 U.S.C. §§ 701–06, but these provisions pertain to judicial review of *federal* agency action. 5 U.S.C. § 701(b)(1).

■ The foregoing demonstrates that there is no basis for a federal claim or federal jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1343(3). There is also no basis for diversity jurisdiction under 28 U.S.C. § 1332 even were I to construe the complaint to contain a cause of action arising under state law. All parties are citizens of Wisconsin.

No temporary injunctive relief can be granted. In addition, the complaint fails to support a federally cognizable claim for relief or any other ground supporting the exercise of federal jurisdiction.

Therefore, IT IS ORDERED that the plaintiff's motion for a temporary restraining order be and hereby is denied.

IT IS ALSO ORDERED that, on the court's own motion, this action be and hereby is dismissed, without prejudice.